JAMES HOWE, (FOR USE OF CALVIN B. DIBBLE) APPELLANT,
vs. CALVIN L. ROBINSON ET UX., APPELLEES.

1. The creditors of a dissolved insolvent corporation may seek a court
of equity to subject its real property and effects to sale to satisfy
its debts without proceeding at law to judgment, execution and re-
turn of *nulla bona*. In this case the time in which, by the stat-
ute, the existence of the corporation for the purpose of being
sued was continued had expired.

2. The dissolution of a corporation does not extinguish its debts. The
debts survive, and its creditors may enforce their claims against
any property belonging to the corporation which has not passed
into the hands of a *bona fide* purchaser. Such property is affected
with a trust *primarily* for the benefit of creditors.

3. The expiration of the time during which an execution may be issued

upon a judgment *under the statute without proceeding by *scire facias quare executionem non* does not destroy the binding efficacy of the judgment upon the land of the debtor, and the judgment creditor can resort to proceedings other than that of *scire facias* when he can make them available to collect his debt.

4. *Scire facias quare executionem non* does not lie upon a judgment against a dissolved corporation after the expiration of the time in which its existence is continued for the purpose of being sued.

5. Real property levied on under a junior judgment and sold, is still subject to the lien of an older judgment, and the circumstance of not proceeding upon the older judgment until a subsequent lien has been obtained and carried into execution will not displace the prior lien. The case of Moseley vs. Edwards, 2 Fla., 429, cited and followed.

6. The statutory limitation to an action upon a judgment in this State is twenty years. Where the judgment is against a dissolved corporation, the time which has expired is fifteen years, and during the greater part of this time there was no corporation in existence from which payment of interest or principal of the judgment debt could have been demanded, or against which proceedings to revive the judgment for the purpose of obtaining an execution thereon could be had, and there is no circumstance from which payment could be inferred, a court of equity will not refuse to enforce the judgment on the ground of laches or presumed payment of the debt. Buckmaster vs. Kelley, 15 Fla., 195, cited and followed.

Appeal from the Circuit Court for Duval county.

This case was tried before Mr. J. W. Archibald as Referee. The facts are stated in the opinion.

*H. J. Baker* for Appellant.

*H. A. Pattison* and *C. L. Robinson* for Appellees.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This appeal from Duval county, Fourth Circuit, is from the judgment of a referee sustaining respondent's demurrer to appellant's amended bill and dismissing the bill.

The bill alleges substantially :

That James Howe on the 12th of October, A. D. 1867, obtained a judgment against the Florida, Atlantic and Gulf Central Railroad Company in the sum of $3,456.60 ; that in the year 1868 the road and rolling stock of this company was seized and sold by the Trustees of the Internal Improvement Fund of the State of Florida under mortgage bonds which constituted a first lien upon the road, rolling stock and franchises of the company to William E. Jackson and his associates; that the Trustees executed a deed to them covering the road, its equipments and franchises of the company ; that the purchase money paid was about sufficient to pay twenty cents on the mortgage debt, leaving nothing to pay plaintiff's judgment and other creditors; that said company was, at the time plaintiff obtained his judgment, seised and possessed in its own right of lot 6, block 53, in the City of Jacksonville ; that this lot was not embraced in the mortgage lien under which the Trustee sale was had, and that it is still subject to the lien of plaintiff's judgment of October 12th, 1867; that on the 12th of October, 1868, Jacob Edrihi obtained a judgment against said company ; that in the year 1877 defendants, Calvin L. Robinson and Elizabeth Robinson, his wife, procured the levy of an execution, which was issued on the judgment of the 12th of October, 1868, in the year 1869, upon the said lot 6, block 53 ; that said levy was made " for the purpose, as is pretended, of perfecting an unlawful and illegal claim previously set up by the defendant, Elizabeth Robinson," and procured the advertisement of said land, and on the sale of said lot by the sheriff it was bid in by the said C. L. Robinson for his said wife; that the lot is still subject to said lien ; that before any execution was issued upon plaintiff's judgment the Florida, Atlantic and Gulf Central Railroad Company was destroyed by the sale and

transfer of its property and franchises as aforesaid and had no longer any legal existence.

Plaintiff prays: That the sale under the junior Edrihi judgment be set aside; that the deed made thereunder may be cancelled and set aside and that the lot may be sold and the proceeds of the sale be applied to his judgment of the 12th of October, 1867.

The grounds of appeal set up here are, first, error in sustaining the demurrer, and second, error in taking the exceptions to the answer as abandoned. The last ground of appeal has been abandoned here, both parties confining themselves in argument to the questions arising upon the demurrer, and to that subject we confine ourselves in the consideration of the case.

The first position assumed in support of this demurrer, and upon which, apparently, respondents rely with great confidence, is that the property of the defendant in judgment, which is in the possession of the respondents here, cannot be subjected to the claim of the plaintiff as he has not issued an execution upon his judgment, in other words, that equity will not take cognizance of the claim until execution issued, and return of *nulla bona* thereon.

We do not propose to discuss this question further than it is involved in this case. The plaintiff seeks here to subject property of a dissolved corporation to his judgment debt, and in such case as against the corporation it is not necessary that he should have even a judgment to entitle him and other creditors to a standing in a court of equity. The common law doctrine that a dissolution of a corporation extinguishes its debts does not prevail in this country. These "debts survive the dissolution of the corporation and creditors may enforce their claims against any property belonging to the corporation which has not passed into the hands of a *bona fide* purchaser; for such property will be

held affected with a trust *primarily* for the creditors of the company." Wood *et al.* vs. Dunmar *et al.*, 3 Mason, 312; Curran vs. The State of Arkansas, 15 How., (U. S.) 304; Nevett vs. Bank of Port Gibson, 6 S. & M., 513; Hightower vs. Thornton, 8 Ga., 486; Shields vs. Ohio, 95 U. S., 324.

Says Chancellor Kent, the property and debts belonging to the corporation remain a trust fund subject to the cognizance and control of a court of equity for the benefit of creditors. This being so, then as a matter of course there is no necessity for any proceedings at law, no requirement that the creditors shall exhaust any remedy at law before proceeding in equity, for " whenever a creditor has a trust in his favor, or a lien upon property for the debt due him, he may go into equity without exhausting his remedy at law." Case vs. Beauregard, 101 U. S., 690. A comparison of this case with the case of Jones vs. Green *et al.*, 1 Wall., 330, seems to me to disclose marked inconsistency between the two when the subject of the rights of creditors in equity other than those assailing a trust fund for their benefit, is considered. This, however, does not affect the present case, as the plaintiff here has clearly a right to seek the forum of a court of equity. When this suit in equity was instituted more than three years had expired from the date of the judgment and from the date of the sale of the road and the transfer of its rights and franchises to its purchasers. The plaintiff could not have had an execution issued without a proceeding by *scire facias quare executionem non*, and such a proceeding could not have been had under the statute, (Chap. 1639, Sec. 35,) unless it was instituted within " three years after the time of the dissolution of the corporation." After that time the law controlling the subject was the law applicable to a dissolved corporation independent of the statute, which is that a *scire facias quare executionem*

*non* does not lie against it. In the case of Mumma vs. The Potomac Company, 8 Pet., 281, this question was involved. Mr. Justice Story, speaking for the court, very summarily disposed of it in the following words: " There is no pretence to say that a *scire facias* can be maintained and a judgment had thereon against a dead corporation any more than against a dead man." At the same time the lien of plaintiff's judgment was not lost because an execution could not issue thereon without a *scire facias*. The lien of a judgment in this State is regulated by statute. That statute was construed and its effect determined in the case of Moseley vs. Edwards, 2 Fla., 429. In that case the time for issuing execution had expired, but an execution had been irregularly issued and a sale had thereunder. The court held that the lien of the judgment was not lost by the delay to issue the execution and gave effect to the sale, holding also that an execution so issued " was not void, but voidable only, and that the right of the plaintiff to sue out execution after such time can be questioned only by the defendant and not collaterally."

The cases of Ridge vs. Prather, 1 Blackf., 403, and Lore vs. Harper, 4 Hump., 116, in which it was held that the binding efficacy of a judgment continues upon land, although the power of taking out execution on it without a *scire facias* is suspended, are referred to approvingly in Moseley vs. Edwards. See also Muir vs. Leitch, 7 Barb., 341.

In the case in 2 Florida, as in this, the property had been sold under a junior judgment. The court held that " real property levied on under a junior judgment and sold is still subject to the lien of an older judgment and the circumstance of not proceeding upon the older until a subsequent lien has been obtained and carried into execution will not displace the prior lien." This

disposes of all the questions which have been suggested in connection with this case unless it be that of laches in the plaintiff in not instituting an action upon his judgment at an earlier date. The judgment bears date October 12th, 1867. The corporation was dissolved in 1868. This suit was instituted May 4, 1882, and the sale under the Edrihi judgment was had in the year 1877. The statutory limitation to an action upon a judgment in this State is twenty years. The time which expired from the rendition of the judgment to the institution of this action is fifteen years, and beyond the expiration of the time there appears on the face of the bill no circumstance from which payment could be inferred. On the contrary, during the greater part of this time there was in being no one from whom the payment of interest or principal of the debt could have been demanded or against whom proceedings to even revive the judgment for the purpose of having execution, could have been instituted. The rule in equity as to presumption of payment, where the period of twenty years has not elapsed, is that " some other circumstance must appear tending to the conclusion or raising the presumption that it has been paid," in addition to the lapse of time. Buckmaster vs. Kelly *et al.*, 15 Fla., 195.

The decree sustaining the demurrer is reversed and the case will be remanded with instructions to enter decree overruling the demurrer, and for further proceedings not inconsistent with this opinion, and conformable to the rules of equity applicable thereto.