THOMAS J. MURPHY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

NEW YORK (CITY OF) — GENERAL RELEASE OF CLAIMS FOR DAMAGES — WORD "PARTICULARLY" CONSTRUED AS "ESPECIALLY," AND, THEREFORE, A WORD OF DESCRIPTION, NOT OF LIMITATION.   Where a person, who had served upon the authorities of the city of New York, a verified notice of claim and a notice of intention to sue the city for damages alleged to have been caused, on various dates during six years previous, by the negligent and defective construction of a sewer, thereafter executed a general release which, after the usual provisions thereof, broad enough to cover all the damages claimed, contained the following sentence: " Being particularly a release and discharge of all my claims of every nature, character and kind    *    *    *    by reason of damages suffered by the overflowing of the sewer    *    *    *    on the 5th day of July, 1901," the instrument should be construed as a general release of all claims including those of the date mentioned, and the words "being particularly " should not be interpreted as restricting the release to damages suffered on the date mentioned, but should be understood as meaning " especially," so that the sentence should be construed and paraphrased as " being especially a release and discharge" of all claims for damages

on the date mentioned. The release is, therefore, a bar to an action subsequently brought for the damages claimed to have been suffered on dates prior to the date mentioned.

*Murphy* v. *City of New York,* 121 App. Div. 900, reversed.

(Argued December 4, 1907; decided December 20, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 31, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Francis K. Pendleton, Corporation Counsel, James D. Bell* and *D. D. Whitney, Jr.,* for appellant. The release given by the plaintiff to the city of New York was not only general in form but general in fact, and, therefore, released every claim which the plaintiff then had against the city of New York. (*Slayton* v. *Hemken,* 91 Hun, 582; *Kirchner* v. *N. H. M. S. Co.,* 135 N. Y. 182; *Jackson* v. *Stackhouse,* 1 Cow. 122; *Dunbar* v. *Dunbar,* 5 Gray [Mass.], 103; *Crum* v. *Sawyer,* 132 Ill. 443; 7 Wait's Act. & Def. 464.)

*William F. McNamara* for respondent. The release was not a general release, for the general words were limited by the particular words in the recital. (*Kirchner* v. *H. S. M. Co.,* 135 N. Y. 182; *Jackson* v. *Stackhouse,* 1 Cow. 126.)

HISCOCK, J. This action was brought to recover damages alleged to have been suffered during a period of six years on account of the improper and negligent construction and maintenance of a sewer. Amongst other defenses was one based upon an alleged general release executed by the respondent to the appellant, and the only question presented to us on this appeal arises in connection with the construction of this instrument. While the latter is asserted by the appellant to be

unlimited and, therefore, to cover the present cause of action, it is claimed by the respondent on the contrary to be restricted in its effect to the occurrences of a single date. The courts below have adopted the latter view, but we are unable to agree with them.

This action was commenced in March, 1904, and at least thirty days prior to the second day of the month a verified claim on account of the occurrences set forth in the complaint and notice of intention to sue had been served upon the city. The release was executed February 24th, 1904, or subsequent to the service of said claim and notice. The first part thereof is in the ordinary form of a general release and concededly is broad enough to cover the cause of action embraced in this action. This part, however, is followed by the sentence: "Being particularly a release and discharge of all my claims of every nature, character and kind  *  *  *  by reason of damages suffered by the overflowing of the sewer  *  *  * on the 5th day of July, 1901," and it is this sentence which is said to qualify what precedes it and to limit the same to the specific date mentioned.

Some of the principles applicable to the construction of the instrument before us may be stated as follows:

"The intent is to be sought from the whole and every part of the instrument, and where general words are used if it appears by other clauses of the instrument  ·  *  *  *  that it was the intent of the parties to limit the discharge to particular claims only courts in construing it will so limit it." (*Dunbar* v. *Dunbar*, 5 Gray [Mass.], 103.)

"The rule respecting the construction of releases is that, although taken most strongly against the releasor, yet general words are to be construed by their context, and, if there appear a clear intent to make a limitation or exception, it shall be allowed. Therefore, recitals are said to control the general clause and make it special, and so the particular subject of the dealing out of which the release arises may, if distinctly stated in the instrument before the general clause, confine the effect of that general clause to matters directly con-

nected with that particular subject. But it is all a matter of intention. * * * (and) while all parts of the instrument are to be considered in determining its intent, the general principle of construction has been that the words of limitation should precede and not follow the general words." (*Slayton v. Hemken,* 91 Hun, 582, 587.)

In applying these principles we are entitled to keep in mind that at the time when the release was executed the city of New York had been notified of respondent's claim for damages, extending over a period of six years, and no reason is disclosed why a release which commenced with a settlement of all of these claims should conclude by limiting such settlement to the occurrences of one particular date which, so far as appears, was of no particular significance. The interpretation of the sentence which has been held to work this limitation largely turns upon the meaning to be attached to the word "particularly." If that word were omitted so that the sentence following the words of general release read " Being a release and discharge " of all the claims for damages upon the date specified it very probably might operate as a limitation of the release to that date. But we have the word " particularly " qualifying the sentence, and that word is frequently used as meaning "especially." Giving to it this definition we have the words of general release followed by the sentence which fairly may be construed and paraphrased as " Being especially a release and discharge" of all claims for damages on the date mentioned. So read the sentence would not operate as a limitation of the release to the date in question but would amount to an especial mention of, or a specific reference to the occurrences of that date as included within the terms of the general release, and which for some unknown reason the person drafting the instrument deemed it wise to make.

It appears to be conceded that if the sentence had read " and particularly " instead of " Being particularly," the effect of the general words would not have been curtailed. This was in substance held in the *Slayton* and *Dunbar* cases cited

*supra.* We think that the difference between the words respectively used in this and in those cases is too narrow to serve as a basis for the opposing conclusion which has been reached in the present case.

The judgments of the courts below should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN and CHASE, JJ., concur.

Judgment reversed, etc.