## COREY v. BOSTON ICE CO.

### FERRIS v. SAME.

(District Court, D. Massachusetts. August 4, 1913.)

### Nos. 125, 126.

Monopolies (§ 28*)—Actions for Damages—Injury to Property—Election to Offices.

Plaintiffs having no right of property in the offices of a corporation which they had previously held, the election of others thereto, even if an act unlawful, because done in pursuance and furtherance of a combination, conspiracy, or an attempt to monopolize, obnoxious to the Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), does not bring them within section 7 giving a right of action to any person injured in his business or property by another by reason of anything declared to be unlawful by the act.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*].

At Law. Two actions, one by James C. Corey, the other by Jarvis W. Ferris, both against the Boston Ice Company. On demurrers to declarations. Demurrers sustained.

Whipple, Sears & Ogden, of Boston, Mass., for complainants.

Stone & Stone and Boyd B. Jones, all of Boston, Mass., for defendant.

DODGE, Circuit Judge. These two declarations differ only in details unimportant upon the questions raised by the demurrers.

Each plaintiff says that, by reason of unlawful acts of the defendant, he has been "injured in his business and property," and each claims threefold the damages so sustained. Each declaration purports to allege participation by the defendant in a combination and conspiracy in restraint of interstate trade and commerce and an attempt by it to monopolize such commerce, also that the alleged unlawful acts set forth were done in pursuance and furtherance of such combination, conspiracy, or attempt. The suits, therefore, are brought under section 7 of the Anti-Trust Act (26 Stats. 209). Each plaintiff says he owns a considerable amount of stock in the Independent Ice Company, a Maine corporation and was a director of that company from 1895 until February 12, 1908. The plaintiff Corey says that he was also treasurer from 1903 until February 13, 1908, at a yearly salary of $2,100. The plaintiff Ferris says that he was also president from 1903 until February 13, 1908, at a yearly salary of $2,400.

The injury alleged by each to his "business and property" is set forth as follows: According to each declaration, the defendant company acquired control of the management of the Independent Com-

pany; the two corporations having previously been competitors. It obtained and exercised such control by the voting power of a majority of the Independent Company's stock held in trust, and through an election of directors, a majority of whom had been nominees and business associates of the defendant, subservient to its interests and ready to do its bidding. On February 12, 1908, a stockholders' meeting was held to choose directors and officers. The only stock represented was that held in trust as above. In the language of the declarations, "at said meeting the plaintiff failed of re-election as a director." Each declaration then described what had thus been done at the meeting in the following terms:

"And (the plaintiff) was thus dismissed and ousted from said office through the exercise of the voting power belonging to said shares."

In each declaration the plaintiff next alleges that at a subsequent directors' meeting on February 13, 1908, "he was also dismissed and ousted from his office as (treasurer or president) by the election of a new (treasurer or president)," and that "the directors and officers elected at said meeting were the nominees of the defendant."

Reference is made in the declarations throughout to the doings thus described at the meetings of February 12th and 13th as a dismissal or dismissal and ouster of the plaintiffs, respectively, from the offices above mentioned. It seems to me clear that the use of these terms is not justified by any of the facts alleged. It also seems to me clear that no injury to any business or property of either plaintiff appears from any of the facts alleged. So far as appears, the proper time for an election of corporate officers had come and the respective meetings were duly held for the purpose. The plaintiffs held their respective offices upon no other terms, so far as appears, than that they should be elected in due course. However long they had held their respective offices, or however frequently they may have been re-elected, there is nothing to show that they had any right to expect that they would be chosen again at this or any given election, nor to show any right of property in the offices mentioned or the salaries attaching thereto, or any such interest in them after the dates of the meetings in 1908 as entitled them to say that failure to elect them to those offices was an injury to their business within the meaning of section 7, whether or not the election of other persons in their places can be said to have been acts unlawful because done, as the plaintiffs say, in pursuance and furtherance of a combination, conspiracy, or in an attempt to monopolize, obnoxious to the act. That they lost the salaries they had been receiving and have not been able to get other employment or other remunerative employment since cannot therefore give them any rights against the defendant under section 7.

I am further of opinion that no facts sufficient to show that the defendant was a party to or engaged in any combination or conspiracy in restraint of interstate trade or commerce, or engaged in any attempt to monopolize such commerce, are stated in their declarations. The allegations relied on for this purpose are in all material respects similar to those made in case No. 324 Equity, a bill in equity filed by James R. Corey et al. in this court March 8, 1912 (207 Fed. 459), to

which bill a demurrer is sustained upon the date of this opinion. To the opinion this day filed in said case, reference may be had for a statement of the reasons upon which the above conclusion is reached.

The defendant's demurrer to the declaration in each of the above cases is sustained.