## BONWIT TELLER & CO. v. UNITED STATES.

### No. H–554.

Court of Claims.

Oct. 20, 1931.

Arthur B. Hyman, of New York City, for plaintiff.

George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Frank J. Ready, Jr., of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

April 13, 1931, the Supreme Court reversed the judgment of this court (283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018), and on May 11, 1931, issued a mandate in which it was ordered "that this cause be, and the same is hereby, remanded to the Court of Claims for further proceedings in conformity with the opinion of this court."

The case grows out of an overpayment of $10,866.43, income and profits tax for the fiscal year ending January 31, 1919. The Commissioner allowed the overpayment May 12, 1927, and issued to plaintiff a check for $1,020.37 thereof, plus interest of $442.62. The balance of $9,846.06 was credited to an outlawed 1917 tax.

Counsel for the defendant have submitted a memorandum insisting that judgment of the court should be entered for the plaintiff in the sum of only $14,116.30, representing the unpaid portion of the amount allowed by the Commissioner of $9,846.06, plus interest of $4,270.24 from the date of the overpayment, December 13, 1919, to the date of the Commissioner's allowance. Plaintiff replies to the defendant's memorandum, and insists that judgment of the court should be entered in its favor for the total overpayment allowed by the Commissioner of $10,866.43, with interest at 6 per cent. per annum on $9,-846.06 thereof from December 13, 1919, and interest at 6 per cent. per annum on $1,020.-37 from May 12, 1927, to a date preceding the date of the refund check by not more than thirty days, as provided in section 177 (b) of the Judicial Code, as amended by the Revenue Act of 1928, approved May 29, 1928, § 615 (a), 28 USCA § 284.

The position of counsel for the defendant is that this cause of action cannot be regarded as a tax case, but is one upon a contract, and in such case interest is denied by the Judicial Code, and that it matters not that the payment originally made to the defendant by the plaintiff was the payment of a tax. Counsel for the defendant further insist that, if the nature of the cause of action upon which plaintiff was held entitled to recover does not prevent the case from being considered as a tax case, then interest may be included only to the date on which the Commissioner signed the first schedule of overassessment to the collector on March 8, 1927, under section 1116 of the Revenue Act of 1926, 44 Stat. 119 (26 USCA § 153 note).

In our opinion, plaintiff is entitled to judgment for $9,846.06, together with interest at 6 per cent. per annum from December 13, 1919, to a date preceding the date of the Treasury check therefor by not more than thirty days, as provided in section 177 (b) of the Judicial Code, as amended by section 615 (a) of the Revenue Act of 1928, 45 Stat. 877 (28 USCA § 284). The purpose of section 177 (b) of the Judicial Code as amended is, where it is necessary for a taxpayer to bring suit, to give him interest upon amounts erroneously collected as a tax from the date of its payment to a date preceding the date of the check therefor by not more than thirty days, to be determined by the Commissioner of Internal Revenue. The fact that the Commissioner of Internal Revenue may allow a claim for refund and then refuse to pay the same does not take the case out of the provisions of section 177 of the Judicial Code merely because the provision requiring that suit be brought within two years after the disallowance of a claim does not apply, and the taxpayer is held entitled to recover upon an account stated. The intent and purpose of the interest provision of the statute is to allow interest upon amounts erroneously or illegally collected as a tax during the time the government withholds the same from the taxpayer, and the fact that the suit to recover a tax so erroneously or illegally collected is grounded upon a determination of the Commissioner evidencing an account stated does not deprive the taxpayer of the interest expressly given by the statute. The Supreme Court did not say that the interest provision of section 177 (b) of the Judicial Code as amended did not apply, but only that the limitation clause requiring that suits be brought within two years after the disallowance of a claim for refund did not apply to a case where the Commissioner had determined that a tax had been erroneously collected and had allowed a claim for the refund thereof. The contention of the government that in any event the plaintiff is entitled to interest only to March 8, 1927, the date on which the Commissioner of Internal Revenue signed the first schedule of overassessments to the collector, is without merit. If this

906

were a suit only for interest on a tax which the Commissioner had refunded, this contention would be correct. But here the Commissioner refused to refund the tax which had been erroneously and illegally collected, and also refused to pay any interest thereon. The government has withheld the tax erroneously collected, and has deprived the plaintiff of the use thereof, and, under section 177 (b) of the Judicial Code, it cannot escape the payment of interest during the time the money was so wrongfully withheld.

We cannot agree with the claim of the plaintiff that it is also entitled to interest at 6 per cent. per annum on the amount of $1,-020.37 refunded by the Commissioner from the date to which the Commissioner paid interest on that amount to a date preceding the date of the Treasury check for the balance of $9,846.06. Upon the issuance of the check to plaintiff for $1,020.37, plus interest of $442.62, the amount was charged against the funds in the possession of the government, and the plaintiff was free to make use of the amount of the check without prejudice to its right to sue for the balance. There was no condition attached to the issuance of the check that its acceptance would be in full satisfaction of all claims against the government.

Judgment in favor of the plaintiff and against the United States will be entered for $9,846.06, with interest thereon at 6 per cent. per annum from December 13, 1919, to a date preceding the date of the check therefor by not more than thirty days, to be determined by the Commissioner of Internal Revenue in accordance with section 177 (b) of the Judicial Code, as amended by section 615 (a) of the Revenue Act of 1928. It is so ordered.