## A. J. BATES CO. v. UNITED STATES.

### No. M–337.

Court of Claims.
May 8, 1933.

248

Howe P. Cochran, of Washington, D. C., for plaintiff.

John W. Hussey and W. W. Scott, both of Washington, D. C., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The single issue presented in this case is: Was the additional tax of $5,863.62 assessed against the A. J. Bates Chicago Company by the Commissioner of Internal Revenue on December 21, 1925, barred by the statute of limitations at the time the assessment was made?

The plaintiff and the A. J. Bates Chicago Company filed a consolidated tax return for the year 1918 on June 16, 1919. The 5-year period of limitation within which a tax could legally be assessed on the return was June 16, 1924. The tax in question was assessed on December 21, 1925, more than 18 months after the 5-year period had expired, and was clearly barred at the time, unless the time within which the assessment could be made had been extended by the filing of a valid waiver.

It is the contention of the government that such waiver was executed and filed on March 25, 1925, and that within the time as extended by the waiver the assessment was made. The plaintiff contends that the waiver was invalid and did not operate to extend the time within which the Commissioner could make the assessment.

On February 10, 1921, the secretary of state of Illinois issued a certificate dissolving the A. J. Bates Chicago Company as of that date. Section 79, chapter 32 of Smith-Hurd Illinois Revised Statutes of 1925 (Act of June 28, 1919) provides:

"79. *Dissolution—When Creditors Affected.* § 79. The dissolution, for any cause whatever, of any corporation, shall not take away or impair any remedy given against such corporations, its officers or stockholders, for any liabilities incurred previous to its dissolution, if suit therefor is brought and service of process had within two years after such dissolution."

The period of limitation within which suit by creditors could be instituted against the Illinois corporation, its officers or stockholders, for any liabilities incurred previous to its dissolution, expired on February 10, 1923. From and after that date the Illinois corporation was extinct for all purposes. It was as nonexistent as if it had never been created, had no stockholders or officers, and was incapable of transacting any business whatsoever. On March 25, 1925, more than 2 years after the expiration of the period in which action could be instituted against the corporation, the waiver in question was executed and filed. The waiver was executed in the name of the A. J. Bates Chicago Company by the A. J. Bates Company.

It is clear that at the time this waiver was executed the Illinois corporation had no authority to execute it, and, having been dissolved for a period of more than 2 years, could not then be proceeded against in any legal action or proceeding by the Commissioner of Internal Revenue or any one else. The Illinois corporation being without authority to execute a waiver in its own behalf, it necessarily follows that no agent could act for it in that regard. The waiver was therefore void, and did not operate to extend the time within which the Commissioner could make the additional assessment. The tax, having been assessed more than 5 years after the date of the filing of the Illinois corporation's return for the year 1918, was barred by the statute of limitations when made, and was assessed and collected without authority of law.

The plaintiff is entitled to recover the amount of the tax, $5,863.62, with interest as provided by law. Judgment for plaintiff will accordingly be entered. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.