## KIECKHEFER et al. v. UNITED STATES.

### No. M–50.

Court of Claims.
Nov. 6, 1933.

J. Marvin Haynes, of Washington, D. C. (Robert H. Montgomery, of Washington, D. C., and Thomas G. Haight, of Jersey City, N. J., on the brief), for plaintiffs.

John W. Hussey, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Moe Neufeld, Atty., Bureau of Internal Revenue, of Washington, D. C., on the brief, for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

In this case plaintiffs, as liquidators of the Kieckhefer Paper Company, dissolved, seek to recover overpayments of income and profits tax duly allowed by the Commissioner of Internal Revenue in the amount of $14,710.90 for 1918 and $1,401.38 for 1920, with interest. These overpayments were applied as credits against an additional assessment of $26,036.56 against the dissolved corporation for 1919. The deficiency for 1919 was assessed against the corporation during January, 1926, more than five years after the return for 1919 was due and was filed.

The defendant contends that the credit was legal and proper under a waiver by the dissolved corporation by J. W. Kieckhefer, ex-director, on December 12, 1924.

The Commissioner proposed to assess and collect the deficiency in respect of the tax of the dissolved corporation from J. W. Kieckhefer as a transferee under section 280 of the Revenue Act of 1926. Kieckhefer instituted a proceeding before the Board of Tax Appeals contesting the right of the Commissioner to collect the deficiency from him as a transferee and, upon a stipulation of the parties, the Board entered its decision that the assessment and collection of the amount proposed against Kieckhefer was barred by the statute of limitation and that he was not liable at law or in equity under section 280 of the Revenue Act of 1926 in respect of any tax of the Kieckhefer Paper Company, dissolved.

The question whether the waiver of the dissolved corporation, executed in this case more than three years after the time allowed by the Wisconsin statutes within which the corporation could act after dissolution, is the same as the question presented and decided by this court in A. J. Bates Co. et al. v. United States, 3 F. Supp. 245, 248, decided May 8, 1933. In that case we held that a dissolved corporation, "being without authority to execute a waiver in its own behalf, it necessarily follows that no agent could act for it in that regard. The waiver was therefore void, and did not operate to extend the time within which the Commissioner could make the additional assessment." The assessment was made more than five years after the date on which the return of the corporation was due and filed, and assessment and collection of the deficiency was therefore barred by the statute of limitation. Our decision in the Bates Company Case is controlling here.

With reference to the year 1920, we are of opinion that plaintiffs are not entitled to recover the overpayment of $1,401.38 allowed for that year and subsequently credited against the 1919 additional assessment, not-

withstanding the collection of this additional assessment was barred at the time the credit was made. Although the collector reported to the Commissioner on the schedule of refunds and credits that this overassessment for 1920 constituted an overpayment and was refundable, and the Commissioner approved this schedule allowing the overpayment, and authorized the disbursing clerk to issue a check to the corporation for said amount, together with interest thereon, and such check, together with a certificate of overassessment showing the amount as a refund, was issued and sent to the collector for delivery, the check was returned to the Commissioner by the collector with a request that the Commissioner authorize the overpayment to be credited against the additional assessment which had been made for 1919. The certificate of overassessment showing the overpayment as a balance in favor of the Corporation was not delivered by the collector until after the Commissioner had given the collector authority to make a credit of the overpayment. The collector, accordingly, made the credit entry, and the check which had been issued was never delivered to the corporation. At this point it appears that the collector, before delivering the certificate of overassessment which the Commissioner had issued in favor of the corporation, erased the entry made thereon by the Commissioner's office showing the amount of $1,401.38 as a refund due the corporation, and made an entry on the certificate showing that the entire overpayment had been credited against the additional assessment for 1919. Thereupon the certificate of overassessment was delivered to the liquidators of the corporation, and was received by them June 4, 1926. (See Finding 9.)

These facts bring the case, in so far as it relates to 1920, within the rule announced by this court in Leisenring et al. v. United States, decided by this court June 5, 1933, 3 F. Supp. 853. Plaintiffs, therefore, are not entitled to recover the amount of $1,401.38 for 1920.

With reference, however, to the overpayment of $14,710.90 and interest allowed and claimed for 1918, the situation is different. The facts in this case distinguish it from the decision of the court in Leisenring et al. v. United States, supra. In the case at bar the account as stated for 1918 showed a balance in favor of the corporation, and the attempted credit thereof against the barred tax assessed for 1919 occurred afterward. (See Finding 10.)

Judgment, therefore, will be entered in favor of plaintiffs for $14,710.90, with interest at 6 per cent. per annum from the dates on which payments making up this total were made during 1919 to such date as the Commissioner of Internal Revenue may determine in accordance with section 177 (b) of the Judicial Code, as amended, being a part of the Revenue Act of 1928 (28 USCA § 284 (b). See Bonwit Teller & Co. v. United States, 52 F.(2d) 904, 72 Ct. Cl. 559.