KRAUSE v. MEREDITH, et al.

No. 66-C-7282.

Circuit Court, Dade County.

February 23, 1967.

Fogle & Fordham, and Palermo & Connelly, all of Miami, for plaintiff.

Heiman & Heiman, Miami, for defendants.

HAL P. DEKLE, Circuit Judge.

This cause came on to be heard upon the motion of the defendants, and each of them, for summary final judgment, and the court having examined the pleadings, and the matters on file relating to the motion, and having heard argument of counsel and being otherwise fully advised in the premises, finds this is an action brought by the plaintiff, alleging that he is one of the surviving directors and therefore a trustee of two dissolved Florida corporations. This action is brought in that capacity, the plaintiff alleging that it would be futile to have requested authorization from the corporation or the other directors at the dates of dissolution, the defendants consisting of a majority of the stockholders and a majority of the directors at the dates of dissolution.

The sole issue on this motion is whether the alleged cause of action abated, the corporations being admittedly dissolved more than three years prior to the commencement of this action. Plaintiff argues that the court may determine as a matter of discretion under certain circumstances to entertain an action by the trustees of a dissolved corporation more than three years following its dissolution, but the court finds that the equities here do not justify such a finding.

The court has previously denied the plaintiff's motion for the appointment of a successor receiver trustee, the circumstances of this case not warranting the granting of such relief.

Under Florida law, corporate claims not dealing with Florida real estate abate three years after the corporation is dissolved. §§608.29 and 608.30, Florida Statutes; Walder v. Paramount Publix Corp., 132 F. Supp. 912, 917-919; Fleischer v. Paramount Pictures Corp. 222 F. Supp. 40, aff'd 329 F. 2d 424, cert. den. 379 U.S. 835.

There is, therefore, no genuine issue as to any material fact and the defendants, and each of them, are entitled to a judgment in their favor dismissing this action with prejudice, as a matter of law.

It is accordingly ordered, adjudged and decree that — (1) the defendants' motion for summary final judgment is granted, and (2) this cause is dismissed with prejudice to and at the cost of the plaintiff, S. E. Krause, as trustee of Bock Utilities, Inc. and I. R. C. Utility Corp., dissolved Florida corporations.