SEVENTY-THREE FIRST AVE. CORPORATION, INC., Plaintiff, v. BRAUNSTEIN BROS. CARBONIC SALES CORP., Defendant.

City Court of New York, Special Term, New York County, June 29, 1938.

*Michael T. Vitiello,* for the plaintiff.

*Sherman & Sterling* [*Harold A. Callan* and *George C. Seward* of counsel], for the defendant.

RYAN, J.  Motions Nos. 29 and 30 of May 19, 1938, are considered together.

The defendant moves to dismiss the action on the ground that the plaintiff, a domestic corporation, was dissolved by proclamation of the Secretary of State made and published pursuant to section 203-a of the Tax Law, more than three months ago, on December 15, 1937, which proclamation was not thereafter annulled by any proceedings under subdivision 7 of the same section.

On behalf of plaintiff a cross-motion is made to continue the action in the names of its two directors, who are said to have been its only directors at the time of dissolution; this cross-motion is based on section 29 of the General Corporation Law.

Section 29 of the General Corporation Law and subdivision 10 of section 203-a of the Tax Law do not, if merely compared with each other, seem to be harmonious.  Section 29 of the General Corporation Law (added by Laws of 1932, chap. 552) provides as follows: " Upon the dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue [for certain specified purposes]  *  *  *  and it may sue and be sued in its corporate name."  The language of this statute, as amended by chapter 597 of the Laws of 1937, the amendments not pertinent here, is all-embracing.

Nevertheless subdivision 10 of section 203-a of the Tax Law, relating to dissolution of delinquent business corporations for non-payment of taxes, was also amended by chapter 623 of the Laws of 1937.  That subdivision provides that " a corporation so dissolved pursuant hereto may thereafter in actions to foreclose any lien on real property be sued in its corporate name adding thereto the words ' a corporation dissolved pursuant to section two hundred and three-a of the Tax Law of the State of New York '  *  *  * and a judgment obtained against said dissolved corporation shall be binding upon all of its property and assets to the same extent as if such corporation were not dissolved."  The subdivision further provides: " Actions begun against any such corporation previous to its dissolution may thereafter proceed without change in the name of said corporation and the judgments when obtained shall be binding upon all of the property and assets of such dissolved corporation to the same extent as if such corporation had not been dissolved."

It seems apparent from this that it was not intended that a corporation dissolved pursuant to the provisions of the Tax Law, that is, a corporation which has forfeited its charter for non-payment of taxes, and which has not thereafter caused the forfeiture to be annulled, as provided in said section 203-a of the Tax Law, should be permitted to sue, or even that it should be sued as such, except in the respects specifically allowed by subdivision 10 of said section. Section 29 of the General Corporation Law is not applicable to corporations which have been dissolved, not under provisions of the corporation laws, but under the Tax Law. This is understandable. It may be thought that a corporation which fails to pay its taxes, and thereby forfeits its right to existence, should not thereafter prosecute actions in the courts as if it were still alive. It is legally dead, and cannot take advantage of privileges of suit conferred by section 29 of the General Corporation Law upon a corporation dissolved under ordinary provisions of the laws applicable to corporations or by a special act of the Legislature, but which has not, for failure to meets its tax obligations to the State, been deprived by the State of its corporate existence.

It is suggested by counsel for the defendant that the assets of this corporation, dissolved under the Tax Law, may be collected by a receiver to be appointed under proper application, the proceeding to be governed by section 151 of the General Corporation Law. This may be so, but it is not necessary for this court to decide that matter.

The present action is not maintainable, as the corporate plaintiff is not alive, and its last directors have no legal authority to prosecute the suit. The defendant's motion to dismiss the action is granted. The cross-motion to substitute as parties plaintiff those individuals who were its directors at the time of dissolution is denied. Order signed.