**LEE M. GERSTEL v. WILLIAM CURRY'S SONS COMPANY, a Florida Corporation.**

25 So. (2nd) 560                      January Term, 1946
March 29, 1946                                Division A
Petition for rehearing denied April 23, 1946.

*Herbert U. Feibelman* and *McCune, Hiaasen & Fleming,* for appellant.

*H. H. Taylor,* for appellee.

TERRELL, J.:

On March 1, 1930, appellee executed and delivered its promissory note to appellant, it was of the face value of $6,000.00, was not under seal and was payable on or before March 1, 1931. On June 1, 1942, appellant as plaintiff filed his declaration in the circuit court to recover the face of the note with interest. A battery of pleadings ensued, the last of which was an amended declaration, filed January 7, 1944. A demurrer to the amended declaration was sustained, final judgment was. entered and appeal thereto was prosecuted to

this court. We affirmed the court below on the ground that the amended declaration constituted a departure in pleading. Gerstel v. William Curry's Sons Co. 153 Fla. 337, 14 So. (2nd) 720. See also Gerstel v. William Curry's Sons Co., 20 So. (2nd) 802, decided October 16, 1944 for other phases of this litigation.

On the going down of the mandate in the cause first above cited the declaration in the instant case was filed. It was filed April 2, 1945 and was an exact copy of the amended declaration in the suit filed January 7, 1944, except the following paragraph was appropriately added:

"The defendant corporation, the grantee in said deed, accepted said deed and recorded the same with actual notice and knowledge of the existence of the indebtedness due the Plaintiff as herein described, together with the facts relating thereto as herein alleged."

A demurrer to this declaration was likewise sustained, plaintiff suffered a final judgment to be entered against him and the present appeal was prosecuted.

The parties are at variance as to what questions are presented for our determination, the appellant urges five questions and the appellee urges eleven. We shall devote our consideration to the sole question of whether or not appellee is liable to appellant for the value of the promissory note sued on.

The declaration shows that the note was not executed by appellee, but that it was executed by another of the same name as appellee and that appellee succeeded to all the rights of said corporation which was dissolved. The declaration seeks to fasten liability for the note on appellee on the theory "that by its having acquired the assets of the dissolved corporation without payment of consideration therefor, and under the circumstances alleged, the defendant corporation became successor to the dissolved corporation and bound as a matter of law to discharge the obligation of the disolved corporation to the plaintiff."

The record shows that the original corporation was organized in 1906, under the law of Florida and that it was dissolved in August 1936, pursuant to Chapter 16880, Acts of

1935, (Section 610.18, Florida Statutes 1941) for the non-payment of the annual Capital Stock Tax required by Chapter 14677, as amended by Chapter 15726, Acts of 1931, (Sections 610.07 to 610.15, Florida Statutes 1941). It was the purpose of chapter 16880 that all corporations dissolved thereunder "shall have no corporate rights or be authorized to transact any business as a corporation" after dissolution.

The old corporation did not abandon its corporate rights and cease doing business, but through its stockholders and directors continued in business until February 1941, as though no dissolution had taken place. In February 1941, the stockholders and directors of the old corporation held a meeting, recognized its dissolution and notwithstanding lack of statutory authority therefor, adopted a resolution to, and did organize the new corporation (appellee here) with the identical name and the same officers, stockholders and directors as the old corporation. They also directed and did execute a warranty deed conveying the assets of the old corporation to the new corporation without consideration therefor and without placing any value thereon. The new corporation appropriated the corporate seal, office supplies, equipment, stationery, bank accounts, place of business, telephone and directory listings, and issued all its capital stock to the stockholders of the new corporation upon surrender of the capital stock of the old corporation and for no other consideration.

The foregoing transaction took place in February 1941, but appellant did not know of it till February, 1943. From the date of the maturity of the note till after the organization of the new corporation, its president, orally and by letter assured appellant that said note would be paid and three months after the dissolution of the old corporation actually made a payment on the note to appellant by check of the old corporation, with which payment was a letter asssuring appellant that his note would be paid in full.

Under this state of facts the trial court held that the dissolution of the old corporation extinguished its debts, that they did not survive the three year provision of the statute for prosecuting claim against it, that chapter 16880 did not

violate the due process, the equal protection or the contract clause of the state and federal constitution, that the new corporation did not become responsible for the debts of the old corporation and the note was barred by the statute of limitations.

We find ourselves unable to concur in the trial court's judgment. It is hardly necessary to say that under the common law it would have been approved because the real estate of a dissolved corporation reverted to the grantor and its personal property reverted to the crown or the state so no assets remained to be distributed among creditors or stockholders. The rule of the common law is obsolete and has long been superseded by statute in this state.

Under the law of this state when a corporation is dissolved, its assets are first used to pay valid claims against it, and if any remain, they are distributed among its shareholders. A casual glance at Section 611.01 to 611.40, and Sections 612.01 to 612.64, Florida Statutes 1941 concludes this statement. Sections 611.07 to 611.40 was the corporation law of this state prior to the enactment of Chapter 10096, Acts of 1925. The latter act is embraced in Sections 612.01 to 612.64 and both provide a period after dissolution to prosecute claims against a corporation, to close its business and dispose of its property and for that purpose the president and directors become the trustees of the corporation. The following Florida cases support this conclusion. Gasque v. Ball, 65 Fla. 383, 62 So. 215, Barnes v. Liebig, 146 Fla. 219, 1 So. (2nd) 247, Perry v. Shaw, 152 Fla. 765, 13 So. (2nd) 811, Broughton v. City of Pensacola, 93 U.S. 266, 23 L. Ed. 896.

We do not think that when a corporation is dissolved by the Governor as provided in Chapter 16880, Acts of 1935, (Sections 610.16 to 610.18, Florida Statutes 1941). The three year prolongation period is available for the purpose of closing its business. The very terms of Section nine of the Act support this view and the decisions of the New York Courts from which state it was derived support it. Seventy three First Ave. Corp. v. Braunstein Bros. et al. 6 N.Y.S. (2nd) 664, 168 Misc. 842, affirmed in 17 Misc. 657, 10 N.Y.S. (2nd) 868, application of S. M. & J. Eisenstadt, 10 N.Y.S. (2nd) 868,

256 App. Div. 488. Any other holding would be contrary to section 33, Article 3 of the Constitution, providing that no statute shall be passed, lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage.

It follows that the enactment of Chapter 16880, Acts of 1935, did not shorten or otherwise affect the statute of limitations barring collection of the note. Paragraph three of the declaration among other things alleges that Milton W. Curry, the president of the old corporation many times prior to February 14, 1941, orally promised to pay the debt evidenced by the note. If this can be established, appeallant had until February 14, 1946 to bring this action since we have held that an oral promise is sufficient to keep such an obligation alive. Welles-Kahn Co. v. Klein, 81 Fla. 534, 88 So. 315; Jacksonville American Publishing Co. v. Jacksonville Paper Co. 143 Fla. 835, 197 So. 672.

It is not out of place to say that while appellants contract was made under the law as it existed prior to the passage of chapter 16880, Acts of 1935 we do not believe the latter act made any change whatever in the status of the debts and the disposition of the property of the dissolved corporation, that is to say under either plan of dissolution the assets of the disolved corporation must be first applied to payment of corporate obligations before any distribution can be made to stockholders. The mere fact that the 1935 act provides that upon dissolution the directors shall become trustees of the assets of the dissolved corporation "for the benefit of the stockholders" does not effect a repeal of Section 611.34, Florida Statutes of 1941 and similar statutes giving creditors a preferential claim on the assets of the corporation.

The court below apparently took the position that since the old corporation was dissolved under Chapter 16880, Acts of 1935, Section Nine of which provided that the corporation as such, shall have no corporate rights or be authorized to transact any business as a corporation, it was thenceforth dead and that its successor, the new corporation could under no circumstances become responsible for its debts and obligations.

If Chapter 16880 had been complied with this might have been true, but it imposed no penalty for failure of a dissolved corporation to comply with it, the world was not put on notice whether or not it complied and as a matter of fact, it refused to comply and continued in business for more than four years in like manner as if no dissolution had taken place.

Under this state of facts and the further fact that the new corporation succeeded to every asset of the old, we think it also succeeded to and became responsible for the obligations of the old corporation. It did business as the old corporation till February 1941, the public knew it and dealt with it as such till that date, it should not be permitted to do business and assume obligations under one law and status that requires payment and when pay time comes, contend that it may repudiate them because of another law and status.

It should not be overlooked that under our system of jurisprudence, rules of law derive from the facts in the case. To apply any other rule in this case would do a gross injustice, it would be in the teeth of approved concepts of right. Democracy as we understand it depends more on the spirit in which its institutions are administered than it does on the law which creates them. When the law ceases to square with approved concepts of right it requires the maximum of coercion to enforce it.

It is accordingly our view that since the new corporation succeeded to the assets of the old corporation, became to all intents its successor, paid no consideration for its assets and held itself out to the public as such, it is bound as a matter of law to discharge the obligations of the old corporation.

It follows that the judgment appealed from must be and is hereby reversed.

Reversed.

BROWN, BUFORD and ADAMS, JJ., concur.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., dissent.