FOSTER v. MEDINA.

Docket 21170.

United States Court of Appeals Second Circuit.

Nov. 12, 1948.

Writ of Certiorari Denied Jan. 10, 1949.

See 69 S.Ct. 412.

Harry Sacher, of New York City, for petitioners.

John F. X. McGohey, U. S. Atty., of New York City, for respondent.

---

[5] Cf. Smith v. Hiatt, 3 Cir., 170 F.2d 61; Hicks v. Hiatt, D.C., 64 F.Supp. 238; Anthony v. Hunter, D.C., 71 F. Supp. 823; Henry v. Hodges, D.C., 76 F.Supp. 968.

Before SWAN, CHASE and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The petitioners are defendants in indictments filed in thirteen cases now pending in the District Court for the Southern District of New York. One case, C 128-87, charges all the defendants with conspiring to organize as the Communist Party of the United States and to advocate and teach the duty and necessity of overthrowing the Government by force and violence; each of the other twelve cases, C 128-88 through C 128-99, charges one of the defendants with the substantive offense of violating sections 10 and 13 of Title 18 of the United States Code.[1] On November 1, 1948, these twelve cases were set for trial before Judge Medina on November 15, 1948. Pursuant to section 144 of Title 28 of the U.S.C.A. as revised by the Act of June 25, 1948, the defendants on November 4, 1948, filed an affidavit of personal bias and prejudice, accompanied by a certificate of counsel of record that the affidavit and application for Judge Medina's disqualification were made in good faith. By order of November 5th Judge Medina refused to disqualify himself. Promptly thereafter the defendants petitioned this court for a writ of mandamus directing him so to do.

The affidavit of personal bias and prejudice states that on August 16, 1948, the defendants moved for an extension of time in which to make motions in the said cases; that the motion came on before Judge Medina and during the argument colloquy took place, certain portions of which are quoted by the affiants. They assert that the quoted remarks of the Judge "establish that he has a personal bias against each" of them.

■ The test for determining the sufficiency of an affidavit of personal bias and prejudice was laid down by the Supreme Court in Berger v. United States, 255 U.S. 22, at page 33, 41 S.Ct. 230, at page 233, 65 L.Ed. 481 as follows: "Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent mind that may prevent or impede impartiality of judgment." See also In re Lisman, 2 Cir., 89 F.2d 898, 899. In none of the three excerpts from the colloquy do the quoted remarks of Judge Medina "give fair support to the charge" of prejudice.

■ In the first of the excerpts, counsel argued for an extension of 90 days because of the asserted complexity of the question involved. The Judge said, first, that he saw no need for so long an extension to prepare for an argument on the constitutionality of the statute; and when the difficulty and complexity of the issue was stressed by counsel, he remarked that "if the difficulty and complexity has to do with over-throwing the government by force, I should think that public policy might require that the matter be given prompt attention and not just held off indefinitely when perhaps there may be some more of these fellows up to that sort of thing." This is merely an argument against granting a long extension lest during the delay persons other than the defendants might commit the same offense as that charged against the defendants.

The second excerpt is equally free from evidence of bias. All the discussion is conditioned by the United States Attorney's introductory assumption; "if it be a fact that these men have done what the indictment charges." The excerpt concludes with the court's remark, "I am not going to give them anything like 90 days, I am going to tell you right now."[2]

The third excerpt is the one upon which the defendants place particular reliance. Their counsel had argued that there was not a word in the conspiracy indictment "alleging any acts of force or violence, or acts of the overthrow of the Government." The court replied "No, they want to wait until they get everything set and then the acts will come." The fair meaning of any remark must be interpreted in the light of the context in which it is uttered. The court's remark was made in answer to

---

[1] In 1948 Revision, 18 U.S.C.A. §§ 2385, 2387.

[2] The extension actually granted was to September 27, 1948.

counsel's argument that the indictment was insufficient because it did not allege that acts of violence had already been performed. The court's reply was in effect: No, the crime of conspiracy is complete if the conspirators planned to have acts of violence follow after they get everything set. The court's remark so construed—and this is the only reasonable interpretation to ascribe to it in its context—does not give "fair support" to the defendants' charge that the judge has expressed in advance of trial his view that they have in fact advocated the doctrine which the indictment charges them with having conspired to advocate.

For the foregoing reasons we hold that the affidavit is legally insufficient to establish disqualifying bias or prejudice. Accordingly the petition for a writ of mandamus is dismissed and the writ denied.