Dave FLEISCHER, individually and as trustee in dissolution of Fleischer Studios, Incorporated, a Florida corporation, Plaintiff,

v.

A.A.P., INC., Associated Artists Productions, Inc., U.M. & M.T.V. Corp., W.P. I.X., Inc., Paramount Pictures, Inc., Paramount Pictures Corporation, Dumont Broadcasting Corporation, Flamingo Films, Inc., King Features Syndicate, Inc, Fleischer Studios, Incorporated, a New York corporation, Max Fleischer, individually and as co-trustee with plaintiff of Fleischer Studios, Incorporated, a Florida corporation, Defendants.

United States District Court
S. D. New York.

July 15, 1959.

Gustave B. Garfield, New York City, for plaintiff.

Mendes & Mount, New York City, Daniel Huttenbrauck, New York City, of counsel, for defendant W. P. I. X., Inc.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, Seymour Shainswit, New York City, of counsel, for defendants Paramount Pictures, Inc., Paramount Pictures Corporation and Flamingo Films, Inc.

McCauley, Henry & Brennan, New York City, for defendant King Features Syndicate, Inc.

PALMIERI, District Judge.

Before turning to the merits of the motions before the Court, plaintiff's application to disqualify the Court on the ground of "personal bias or prejudice * * * against him," 28 U.S.C. § 144 (1952), must be discussed. The application was made under the following circumstances. During oral argument counsel for one of the defendants herein stated that the Court of Appeals,

in an opinion on another aspect of this case,[1] had rebuked plaintiff's counsel.[2] Plaintiff's counsel rose to what he termed a "point of personal privilege," stating that the remark referred to was obiter, that it was not concurred in by a majority of the Court of Appeals, and that it was addressed to plaintiff and not to counsel. The Court stated its belief that counsel had been rebuked. The application for disqualification followed. The oral argument was then adjourned to permit plaintiff's counsel to file the affidavit required by 28 U.S.C. § 144 (1952). The affidavit was filed and, after consideration, the Court advised counsel of its intention to deny the application, and to advert to the matter when the opinion on the motions was handed down. The oral argument was then concluded.

■ The affidavit recites the occurrence on the oral argument as set forth above, repeats counsel's interpretation of the Court of Appeals' remark, and states that counsel feels that he and his client cannot receive a "fair hearing" if the Court believes that counsel was rebuked by the Court of Appeals. It may be that the remark was dictum, in that it was not necessary to the decision dismissing the appeals,[3] but that

does not make it any less a rebuke. Indeed, it is more forceful if the Court saw fit to make it although it was not required. The opinion of Chief Judge Clark was the opinion of the Court,[4] and the remark was plainly addressed to counsel and not to plaintiff.[5] It may be that actions of a litigant have been termed "unworthy," but I cannot recall such a use of the word and I know of no formulated standard by which litigants' conduct is measured. There is a well-known standard for professional conduct, however, and it is not unusual to term violations of that standard "unworthy" of members of the profession.[6] Moreover, assuming that the Court's construction of the Court of Appeals' remark is in error, such error is not a ground for disqualification. Disqualification is proper when an affidavit has been filed alleging facts that would tend to show that a judge has a personal "bent of mind" for or against a litigant. An allegedly incorrect interpretation of a portion of a higher court's opinion does not tend to show such prejudice. Berger v. United States, 1921, 255 U.S. 22, 33–34, 41 S.Ct. 230, 65 L.Ed. 481; Foster v. Medina, 2 Cir., 1948, 170 F.2d 632, certiorari denied 1949, 335 U.S. 909, 69 S.Ct. 412, 93 L.Ed. 442; Knapp v. Kin-

---

1. Fleischer v. Phillips, 2 Cir., 1959, 264 F.2d 515, dismissing appeals from Fleischer v. A.A.P., Inc., D.C.S.D.N.Y. 1958, 163 F.Supp. 548, certiorari denied sub nom. Fleischer v. Benjamin, 1959, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030. The opinion dealt with plaintiff's appeals from orders of this Court refusing to disqualify counsel for certain of the defendants on the ground that they had formerly represented plaintiff in matters relevant to this litigation.

2. "The strictures [leveled against defendants' counsel] are unjustified and unworthy." 264 F.2d at page 518.

3. It should be noted, however, that immediately before making the remark quoted in note 2, supra, the Court of Appeals said that "[e]ven though the case thus cannot be accepted on the merits, we have necessarily had to explore them to reach our conclusion [that the appeals must be dismissed]; and because conduct of members of the bar has been

so severely questioned, we note our concurrence with the conclusions of the two district judges that respondents have done nothing improper." 264 F.2d at pages 517–518.

4. Judge Gibson, in the first sentence of his concurring opinion, stated that he concurred "fully in Judge Clark's opinion dismissing these appeals." 264 F. 2d at page 518.

5. "The responsibility for advising as to questionable transactions, for bringing questionable suits, for urging questionable defenses is the lawyer's responsibility. He cannot escape it by urging as an excuse that he is only following his client's instructions." A.B.A., Canons of Professional Ethics, Canon 31. "[The lawyer] must obey his own conscience and not that of his client." A.B.A., Canons of Professional Ethics, Canon 15.

6. See, e. g., A.B.A., Canons of Professional Ethics, Canon 7; Canon 22.

sey, 6 Cir., 232 F.2d 458, 466, certiorari denied 1956, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86; Cole v. Loew's, Inc., D.C. S.D.Cal.1948, 76 F.Supp. 872, 876–877. Disqualification of a judge upon an affidavit such as has been filed here would not be consonant with a proper disposition of the Court's business. See United States v. Valenti, D.C.D.N.J.1954, 120 F.Supp. 80, 83 note 2 and text thereat; cf. In re J. P. Linahan, Inc., 2 Cir., 1943, 138 F.2d 650. The affidavit does not allege facts within the requirements of 28 U.S.C. § 144 (1952). The application for disqualification is, accordingly, denied.

■ The amended complaint is a thirty page document. It is hardly a model of the form of pleadings which should be utilized under the Federal Rules. It is neither "a short and plain statement of the claim," Fed.R.Civ.P. 8(a) (2), 28 U.S.C., nor is it "simple, concise, and direct." Fed.R.Civ.P. 8(e) (1). It has been met by a notice of motion which requires more than twenty-two pages to set forth, in the main, the portions of the amended complaint which are sought to be stricken under Fed.R.Civ.P. 12(f). Such a motion is not favored, for "we are not conducting exercises in pleading * * *." Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319, 325.

■ The motion to strike may be conveniently divided into three categories. Portions of the amended complaint are sought to be stricken on the ground that they are verbose, conclusory, immaterial, or evidentiary. Before it may be determined that a portion of a complaint is immaterial it must clearly appear that the matter alleged can have no possible bearing on the issues of the trial, a question which is most difficult to determine from the face of the amended complaint.[7] Even if that determination is made, immaterial allegations, and likewise verbose, conclusory, or evidentiary allegations, need not be stricken unless their presence in the complaint prejudices the defendant. It would not be fruitful nor would it, in the long run, advance the interests of any of the parties to this litigation, for the Court to try to narrow and delimit the issues of this litigation at this point in the proceedings, see Nagler v. Admiral Corp., supra, nor is any prejudice shown because of the inclusion in the amended complaint of the verbose, immaterial, conclusory, or evidentiary matter. See, generally, 2 Moore, Federal Practice par. 12.21[2] (2d ed. 1948) and cases there cited.

■■ A second group of portions of the amended complaint is sought to be stricken on the ground that these portions are contradicted by documentary evidence. The defendants have confused the grounds for a motion to strike, however, which do not include falsity of the matter alleged, Fed.R.Civ.P. 12(f); cf. United States v. Arnhold & S. Bleichroeder, Inc., D.C.S.D.N.Y.1951, 96 F.Supp. 240, 243, with a motion for summary . judgment, which defendants insist their present motions are not.[8]

■ Finally, portions of the amended complaint are sought to be stricken on the ground that they are scandalous. These portions refer to the alleged actions of counsel for some of the defend-

---

7. Defendants buttress their claims of immateriality by references to the opinion in Fleischer v. A.A.P., Inc., supra, note 1. On a motion to strike, however, material outside the pleading may not be considered, e. g., United States v. Arnhold & S. Bleichroeder, Inc., D.C.S.D.N.Y. 1951, 96 F.Supp. 240, 243. And the opinion of Judge Herlands, on the motion to disqualify, to which defendants refer, examined the complaint for purposes which are not the same as those here rele-

vant. See, e. g., 163 F.Supp. at pages 559, 560, and 561.

8. Defendants have moved to dismiss the second and third claims for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b) (6). Such a motion may be treated as one for summary judgment, Fed.R.Civ.P. 12(b), but the defendants disavow any intention to have the Court so treat their motion. See Defendants Paramount and Flamingo's Memorandum of Law 3–4

ants and are relevant only to the motion to disqualify certain of the defendants' counsel previously mentioned. If such allegations were properly to be placed in a complaint I would hesitate to strike them, for the decision not to disqualify is "not of final character, and [is] subject to reconsideration or change as new facts may develop." [9] The disqualification of counsel is collateral to the issues to be litigated and allegations which deal with counsel's actions in the past have no place in the amended complaint. Accordingly, I have set forth in the margin those portions of the amended complaint which are to be stricken.[10] The motion to strike is in all other respects denied.

 Defendants also move for dismissal on the ground that the amended complaint does not comply with the requirements of Fed.R.Civ.P. 8. We have been taught that such dismissals are not proper; and I can conceive of no distinction between a dismissal on the ground that too little is pleaded and a dismissal on the ground that too much is pleaded. Cf. Nagler v. Admiral Corp., supra. To the extent that the motion to dismiss is based on the presence in the amended complaint of scandalous and vituperative matter, the decision on the motion to strike cures that defect.

 I turn now to a discussion of the motions to dismiss on the merits, motions which are limited to the second and third causes of action set forth in the amended complaint. The second cause of action seeks damages arising from an alleged conspiracy to violate the antitrust laws. Clayton Act, § 4, 38 Stat. 731 (1914), 15 U.S.C.A. § 15. Plaintiff seeks the recovery individually and on behalf of Fleischer Studios, Inc., a Florida corporation which was dissolved, as the complaint alleges, in 1946. The second cause of action does not contain, however, any allegation of facts tending to show any direct injury to plaintiff's commerce as an individual, and it is well established that a shareholder is not entitled to recover, by individual suit, his share of the loss his corporation may have suffered because of a conspiracy to violate the antitrust laws. E. g., Bookout v. Schine Chain Theatres, Inc., 2 Cir., 1958, 253 F.2d 292. Whatever claim the trustees of the Florida corporation may have had, on behalf of the corporation, has abated, the corporation having been dissolved more than three years before this suit

---

9. Fleischer v. Phillips, supra, note 1, 264 F.2d at page 516.

10. All of paragraph 7 except for the first sentence thereof. The following portions of paragraph 8: from the word "under" in line 6 thereof to the word "Esqs." in line 10 thereof; and from the word "by" in line 12 thereof to the word "individually" in line 14 thereof. That portion of paragraph 12 that begins with the word "which" in the eighth line from the bottom of page 8 and continuing to the end of paragraph 12. All of the second line of paragraph 23(a) beginning with the word "by;" line 5, from the word "or," to the word "individually" in line 8; line 11, from the word "said" to the word "and." In paragraph 23(b) the name of the law firm "Philips [sic], Nizer, Benjamin & Krim" should be stricken each time it appears. Paragraph 23(c) from the first word in line 5 to the last word of line 8. The name of the law firm "Philips [sic], Nizer, Benjamin & Krim" should be stricken from paragraph 23(d),

and 23(e). If there are any other references, by name, to the firm of Phillips, Nizer, Benjamin & Krim, or to members or associates thereof, which have escaped the attention of the Court, such references should be stricken. On the oral argument plaintiff's counsel consented to strike all references to the attorneys, by name, from the amended complaint. References to defendants' "attorneys," without mention of their names, may remain.

Grammatical emendations, required by the directed excisions, may be made. If plaintiff desires to re-allege any of the matter herein ordered to be stricken, the order to be entered herein should specify the material desired to be re-alleged, should state the relevance of the allegation to the issues of the suit, and should state the exact phraseology of the desired re-allegation. In no instance should the name of any attorney or firm of attorneys be contained in such desired re-allegations.

was commenced. Walder v. Paramount Publix Corp., D.C.S.D.N.Y.1955, 132 F. Supp. 912, 917–919.[11] Plaintiff's attempt to distinguish the Florida decisions on which the Walder holding was partially based, 132 F.Supp. at page 919, note 14, is without merit. Finally, plaintiff cites no authority, and I know of none, for the proposition he advances, that application of the Walder decision deprives him, or the dissolved corporation, of property in violation of U.S.Const. Amend. XIV.

▮▮▮▮▮ Furthermore, the second cause of action is, on its face, barred by the statute of limitations. 69 Stat. 283 (1955), 15 U.S.C.A. §§ 15b, 16(b). Where the claim is for an injury inflicted by a civil conspiracy the statute begins to run at the time the injury is inflicted. Rutkin v. Reinfeld, 2 Cir., 229 F.2d 248, 252, certiorari denied sub nom. Kaplow v. Reinfeld, 1956, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60. The original complaint herein was filed October 14, 1957. The only injury alleged to have been inflicted since October 13, 1953 is that occasioned by the failure of the defendants to release certain cartoons for television distribution between 1949 and 1956. Aside from the fact that there is no allegation of facts tending to show that this failure injured the commerce of the plaintiff or of the Florida corporation, this failure, under the allegations of this complaint, was not the infliction of an injury but was the accrual of damages resulting from an earlier alleged invasion of plaintiff's rights. Cf. Muskin Shoe Co. v. United Shoe Machinery Corp., D.C.D.Md.1958, 167 F.Supp. 106, 111–112; Farbenfabriken Bayer, A. G. v. Sterling Drug, Inc., D.C.D.N.J.1957, 153 F.Supp. 589, 593;

Pastor v. American Telephone & Telegraph Co., D.C.S.D.N.Y.1940, 76 F.Supp. 781, 784–785. It was the result of an agreement entered into between certain of the defendants and Fleischer Studios, Inc., in 1941. By that agreement, now immune from attack under the antitrust laws because of the statute of limitations, the defendants, as alleged in the amended complaint, received the right to deal with the distribution rights to the cartoons in their discretion. The injury under the antitrust laws, if any, was inflicted when the contract was made. The period of limitations is not extended by the fact that damages from that injury may have continued to accrue. Steiner v. Twentieth Century-Fox Film Corp., 9 Cir., 1956, 232 F.2d 190, 194–195. Under plaintiff's theory, the statute of limitations would not run so long as the films were not returned to his possession. I suppose that it would be possible to allege a claim under the antitrust laws based on the manner in which defendants dealt with the cartoons and that it would not matter in such a case, when or how defendants came into possession of the cartoons. But, as I have said, there are no facts alleged tending to show that the manner in which defendants dealt with the cartoons injured plaintiff's, or the dissolved corporation's, commerce. The 1941 contract, and the possession thereunder of the cartoons may be presumed, for present purposes, to have been a wrong for which plaintiff might have recovered in a timely suit. But the time for bringing that suit is not enlarged by the fact that the cartoons have not been returned to plaintiff's possession. Restatement, Torts § 899, Comment c., p. 526 (1939). Plaintiff seems to argue that his cause of

---

11. See also Walder v. Paramount Publix Corp., D.C.S.D.N.Y.1955, 135 F.Supp. 228.

 The Florida statutes which were the subject of decision in the Walder case cited in the text were repealed and the present statutes were enacted, effective October 1, 1953, by Fla.Laws 1953, c. 28170. The statutes as they now exist are found in Fla.Stat. § 608.30 (1957),

F.S.A. To the extent, if any, that the 1953 enactment might have extended the time within which trustees of a dissolved Florida corporation may institute suits, there is no indication that the 1953 law was meant to revive actions which had by then abated under the law as it previously existed. Cf. Gerstel v. William Curry's Sons Co., 1946, 157 Fla. 216, 220–221, 25 So.2d 560, 562.

action did not accrue until 1956 because it was then that defendants disposed of the cartoons, receiving in return, it is alleged, a sum of money to part of which plaintiff lays claim. That, of course, has no bearing, in this complaint, on any claim under the antitrust laws. It does bear on plaintiff's rights, if any, growing out of the sale of the cartoons and the alleged tortious failure, to plaintiff's damage, to realize profits from the cartoons while they were in the defendants' possession. These matters are cognizable under the first cause of action.

▆▆▆▆▆ Plaintiff's contention that the statute of limitations has not run because the conspiracy is a continuing one, is without merit. Momand v. Universal Film Exchanges, Inc., 1 Cir., 1948, 172 F.2d 37, 49, certiorari denied 1949, 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118. Nor can I conceive of any benefit to the plaintiff from the fact that the statute of limitations was suspended during the pendency of the Government's suit against Paramount and for one year thereafter, even assuming that plaintiff is seeking damages for the actions which were the subject of the Government's suit. Steiner v. Twentieth Century-Fox Film Corp., supra, 232 F.2d at pages 195–196. The Government's suit was pending until April 12, 1949.[12] Plaintiff apparently construes the suspension provision of 69 Stat. 283 (1955), 15 U.S.C.A. § 16(b) to mean that the four-year period does not commence to run until one year after the conclusion of the Government's suit. This is contrary to the plain wording of the statute. Any cause of action which arose during the pendency of the Government's suit was barred by April 12, 1950 or by the passage of four years from the date of the injury, whichever was later. Accordingly, the second cause of action is dismissed.

▆▆▆▆▆ The third cause of action is sought to be dismissed on three grounds. The first is for failure to comply with Fed.R.Civ.P. 8, and that branch of the motion is denied for the reasons set forth on page 9, [180 F.Supp. 722], supra. The second ground is failure to state a claim, Fed.R.Civ.P. 12(b)(6),[13] but it does not appear to a certainty that plaintiff will not be able to recover on any state of facts which might be proved in support of this claim. Accordingly, that branch of the motion is also denied. 2 Moore, Federal Practice par. 12.08, n. 6, text thereat and cases cited (2d ed. 1948). Finally, dismissal is sought on the ground that it appears from the face of the complaint, that plaintiff has no standing to assert the third cause of action individually and that it may not be brought on behalf of the Florida corporation because all claims of that corporation have abated under Florida law. The third cause of action seeks recovery for an alleged violation of plaintiff's rights under N.Y. Civil Rights Law, McKinney's Consol. Laws, c. 6, §§ 50, 51. No recovery is sought, in the third cause of action, on behalf of the corporation. The action is patently one which plaintiff may prosecute individually. The motion to dismiss the third cause of action is denied.

▆▆▆▆▆ Plaintiff moves for permission to file a supplemental complaint setting forth his appointment, after this suit was commenced, as receiver of the dissolved corporation. Fla.Stat. § 608.-29 (1957), F.S.A. Plaintiff evidently contends that even if he did not have power to commence this action as trustee of the dissolved corporation he has such power as its receiver. While the power of a receiver was not at issue in Walder v. Paramount Publix Corp., supra, the reasoning of that case is equally applicable here. There is no warrant for believing that a receiver has any greater length of time within which to commence suit than does a trustee. When a Florida corporation is dissolved the Florida courts may either continue the directors as trustees or appoint a receiver. Fla. Stat. § 608.29 (1957), F.S.A.; Neville

---

12. See Leonia Amusement Corp. v. Loew's, Inc., D.C.S.D.N.Y.1953, 117 F.Supp. 747, 763–764.

13. No matter outside the pleading was presented in connection with this motion.

v. Leamington Hotel Corp., Fla.1950, 47 So.2d 8. The result of the exercise of this choice does not affect the length of time within which suits may be brought by or on behalf of the dissolved corporation. Neville v. Leamington Hotel Corp., supra. The appointment of plaintiff did not revive a claim which had died, under then existing law, in 1949, three years after the corporation's dissolution. Nor does his appointment amount to a ruling by the Florida court to the contrary. The appointment permits plaintiff to exercise such powers as he may have under the Florida law; it does not set forth what those powers are. Furthermore, since the amended complaint did not, under the Walder decision, set forth a claim on behalf of the corporation, the plaintiff may not cure that defect by filing a supplemental complaint setting forth facts which occurred after the complaint was filed, even if those facts were such as would show that a claim now exists. Bonner v. Elizabeth Arden, Inc., 2 Cir., 1949, 177 F.2d 703, 705. The motion to file the supplemental complaint is, accordingly, denied.

Settle order in accordance herewith by July 27, 1959.