363 So.2d 204 (1978)
J.A. CANTOR ASSOCIATES, INC., a Florida Corporation, Appellant,
v.
Sam BRENNER, Appellee.
No. 77-2544.
District Court of Appeal of Florida, Third District.
October 17, 1978.
*205 A. John Goshgarian, Miami and Howard J. Hopkins, for appellant.
Joseph Pardo, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The defendant, J.A. Cantor Associates, Inc., appeals from a final judgment entered upon a jury verdict awarding plaintiff-appellee Sam Brenner the balance he claimed was due him as a salesman in J.A. Cantor's real estate brokerage office.
Appellant Cantor presents five points. The first urges that the evidence reveals that the action was barred by the statute of limitations and, therefore, that the trial court erred in refusing to direct a verdict for the appellant. The second point urges that the court mistakenly instructed the jury upon plaintiff-appellee's right to recover an exact amount if the jury found for the appellee. The third urges error upon the court's refusal to give an instruction tendered by the appellant. The fourth point urges that the court should have entered a directed verdict for the appellant because the agreement sought to be enforced was unlawful and unenforceable. The fifth point urges that the final judgment is not supported by any reasonable view of the evidence.
We have examined the record in the light of these points and find that none of them presents reversible error.
Concerning the statute of limitations, the record shows evidence[1] which, if believed by the jury, would support a jury finding that, within the period of time covered by the applicable statute, the appellant made fraudulent representations about the circumstances surrounding the payment of the brokerage payments, so that the appellee was misled into believing that he would receive his share of the commission. Cf. the principle of law in Gerstel v. William Curry's Sons Co., 157 Fla. 216, 25 So.2d 560 (1946).
Appellant's points claiming error upon the instruction given and the one refused do not present error for the reason that the instruction given was proper inasmuch as the amount of the claimed commission was in no way contested by conflicting evidence and, therefore, the jury was properly told that if it found for the appellee, the amount would be determined by the written instrument involved. Cf. the principle of law in Community Cablecasting Corp. v. Daniels & Associates, Inc., 215 So.2d 17, 20 (Fla. 1st DCA 1968).
Likewise, we find no error in the refusal to give the appellant's requested instruction on which error is assigned, because the requested instruction did not properly state the law. See Wells v. State, 270 So.2d 399, 403 (Fla. 3d DCA 1972).
Points four and five need not be discussed further inasmuch as they are clearly refuted by the record before us.
Affirmed.
NOTES
[1] The record reveals testimony of the appellee which, if believed by the jury, would strongly indicate that the appellant's repeated statements and representations assured the appellee he would eventually be paid the brokerage fee he claimed he was due.