567 So.2d 42 (1990)
Frederick WARTEN, Jose Clark, and Pre-Engineering Services, Inc., Appellants,
v.
CAGUAS CENTRAL FEDERAL SAVINGS BANK OF PUERTO RICO, Appellee.
Nos. 90-761, 90-798.
District Court of Appeal of Florida, Third District.
September 25, 1990.
Kozyak, Tropin, Throckmorton & Humphreys and Charles W. Throckmorton, Stewart, Tilghman, Fox & Bianchi and Gary Fox, for appellants.
Coffey, Aragon, Martin, Burlington & Serota and Jeffrey B. Crockett, for appellee.
Before HUBBART, FERGUSON and LEVY, JJ.
*43 PER CURIAM.
The temporary injunction under review is affirmed upon a holding that: (1) Fla.R. Civ.P. 1.610(a) was not, as urged, applicable to this case because the subject temporary injunction was issued with notice to the defendants below, namely, the defendants' counsel, and the order under review otherwise fully complies with Fla.R.Civ.P. 1.610(c) in that it states the reasons for its entry; (2) the trial court did not abuse its discretion in entering the temporary injunction under review after impleading the defendants in supplementary proceedings to execute on an unsatisfied judgment because (a) the plaintiff has, without dispute, a clear legal right or interest in the subject matter of the suit below, (b) the plaintiff is likely to be irreparably harmed because it has no adequate remedy at law in the supplementary proceedings below in that the judgment debtor corporation has no assets and the plaintiff judgment creditor has been unable to execute on any assets to satisfy the subject judgment, and (c) the plaintiff has a substantial likelihood of success on the merits in the impleader action against the defendants in that the plaintiff for various reasons appears to be entitled to an equitable lien on the proceeds of the defendant's legal malpractice action against certain attorneys who represented both the defendant debtor corporation and the defendant shareholders therein arising out of the sale of corporate stock, Gerstel v. William Curry's Sons Co., 157 Fla. 216, 220, 25 So.2d 560, 561 (1946); Richard v. McNair, 121 Fla. 733, 164 So. 836 (1935); Gulotty v. Estate of Wilkie, 532 So.2d 1335 (Fla. 3d DCA 1988); Whigham v. Muehl, 511 So.2d 717, 718 (Fla. 1st DCA 1987); United States Fire Ins. Co. v. Morejon, 338 So.2d 223, 224 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 426 (Fla. 1977); General Guar. Ins. Co. of Fla. v. DaCosta, 190 So.2d 211, 213-14 (Fla. 3d DCA 1966); §§ 607.297, 607.301, Fla. Stat. (1989); and (3) the temporary injunction herein was otherwise fully authorized by Sections 56.10, 56.29(9), Florida Statutes (1989). See Banco Indus. de Venezuela, C.A. v. Mederos Suarez, 541 So.2d 1324 (Fla. 3d DCA 1989). We have not overlooked appellants' contrary arguments, but are not persuaded thereby.
Affirmed.