COPE, Judge.
Bernard and Philip Shenkman appeal an order dismissing their lawsuit without prejudice. We reverse.
Plaintiffs Bernard and Philip Shenkman and defendant Earl Wald are certified public accountants. In 1983 they merged two previously separate accounting practices into a single accounting firm, Shenkman and Wald, P.A. The three were the sole shareholders, officers, and directors of the professional association. Each was employed by the professional association pursuant to a written employment agreement.
In 1986 Bernard Shenkman gave written notice of termination of his employment agreement. The Shenkmans testified:
that they and Wald orally agreed in mid-1986 to distribute their respective interests in the corporation, including accounts receivable and other assets, by reverting to the position that they each enjoyed prior to the merger of their practices in December of 1983. As proof, the Shenkmans offered in evidence certain ledger sheets containing notations and figures in Earl Wald’s handwriting which the Shenkmans assert memorialize and evidence their agreement. The Shenk-mans’ theory of the case is that this mid-verbal agreement constitutes an oral modification of the 1985 written shareholders’ agreement and of the employment agreements they executed as principals and employees of Shenkman and Wald, P.A.
(Order, R. 43-44).
The professional association became dormant. Prior to suit, it was involuntarily dissolved for failure to file reports or pay fees. See § 607.271(2)(a), Fla. Stat. (1987).
The Shenkmans eventually brought suit against Wald, based on the alleged agreement. In Count I, the Shenkmans asserted that the shareholders had “agreed on a method of distributing their interest in the equity of the [professional association], differences in accounts receivable, entitlement to lease deposits, and entitlement to certain monies in the [professional association] bank account.” (R. 2). Count I sought *688 some $28,000 said to be due under the agreement. Count II was for civil theft. It asserted that Wald had received corporate property to which the Shenkmans were entitled and had refused to turn it over.
Wald denied the existence of an agreement with the Shenkmans and also interposed several affirmative defenses.
The trial court conducted a bench trial. At trial the Shenkmans reiterated that they sought enforcement of the alleged oral agreement for distribution of their share of the corporate assets.
Wald argued that the dissolved professional association was an indispensable party to the action. Wald urged, and the trial court found, that the alleged oral agreement was a modification of several previous written agreements to which the corporation was a party. The court concluded that since “the corporation was a party to all of the agreements at issue,” (R. 45), the corporation was an indispensable party to the lawsuit. (Id., citing Loxahat-chee River Environmental Control District v. Martin County Little Club, Inc., 409 So.2d 135, 137 (Fla. 4th DCA 1982)).
In addition, the court found that “the gravamen of the plaintiffs’ cause of action calls for recovery based on a determination of the plaintiffs’ true share of the equity in the dissolved corporation.” (R. 45). For this additional reason the court ruled that the corporation should be joined. The court ruled that the Shenkmans were obliged to apply for reinstatement of the corporation, see § 607.271(5), Fla.Stat. (1987), and to join it as a party to the suit.
We do not quarrel with the proposition that the parties to the contracts were indispensable. We differ with the trial court on the necessity to reinstate the dissolved corporation.
Under the provisions of the Florida General Corporation Act in effect at the time of the dissolution, the directors were the trustees for the property of the dissolved corporation. § 607.301(1), Fla.Stat. (1987); see id. § 621.13; see also id. § 607.297 (after dissolution, “[t]he shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such [corporate] remedy, right, or claim.”); Gerstel v. William Curry’s Sons Co., 157 Fla. 216, 25 So.2d 560, 562 (1946).
In this case all of the interested parties were before the court. The corporation was doing no business and no one desired to reinstate it for that purpose. Under the circumstances, it was not necessary to reinstate the corporation and add it as a party, since all of the relevant persons were already before the court. See Trueman Fertilizer Co. v. Allison, 81 So.2d 734, 738 (Fla.1955); W.R. Cooper, Inc. v. City of Miami Beach, 512 So.2d 324 (Fla. 3d DCA 1987). The court had the authority to proceed and decide the case as the parties’ respective interests appear.
There was a second basis for the trial court’s ruling. Wald argued, and the trial court agreed, that the Shenkmans were attempting to distribute corporate assets to themselves, without first assuring that the corporation’s creditors would be paid, as contemplated by section 607.261, Florida Statutes (1985) (R. 44).[1] Wald argued that the shareholders’ 1986 agreement was an agreement to dissolve the corporation, but the steps required for voluntary dissolution were never complied with. See id. §§ 607.254, ,257.[2]
The evidence before the trial court showed that there were corporate creditors who had not been paid. The pleadings, as well as the position of the Shenkmans at trial, made clear that the Shenkmans sought payment for their share of the corporate assets, without regard to the payment of corporate creditors.
The trial court quite properly looked to the substance of the relief being sought *689 and determined that the plaintiff shareholders could not be paid without making proper arrangements for payment of creditors. In this respect the court determined that reinstatement of the corporation would of necessity require the parties to follow the formalities required for voluntary dissolution, including the requirement to “pay, satisfy, or discharge its liabilities and obligations or make adequate provision for payment and discharge thereof.... After paying or discharging all its obligations or making adequate provision for payment and discharge thereof, the corporation shall then distribute the remainder of its assets, either in cash or in kind, among its shareholders according to their respective rights and interests.” Id. § 607.261.
We agree with the trial court’s objective, but disagree as to the procedure to accomplish it. The objection posed by Wald— that the shareholders are seeking distribution without making provision for creditors — is an affirmative defense. The parties who are before the court are the representatives and trustees of the dissolved corporation, as well as the individual shareholders. In our view it is not necessary to reinstate the corporation. Instead, the trial court may condition any recovery on the making of adequate provision for payment of creditors. See Gerstel v. William Curry’s Sons Co., 25 So.2d at 562.
We reverse the order under review and remand for further proceedings consistent herewith.

. The foregoing provisions are made applicable to professional associations by virtue of section 621.13, Florida Statutes (1985).
The counterpart to former section 607.261 is section 607.1405, Florida Statutes (1991).

. The current counterpart to sections 607.254-.257 is section 607.1402, Florida Statutes (1991).