******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

BRIGHT, C. J., concurring. I concur with the result and the sound reasoning of the majority. I agree that the trial court abused its discretion in granting the motion filed by the plaintiff, CIT Bank, N.A., for a protective order and that, on the unique and specific facts of this case, the court's error was not harmless.

In particular, I find it significant that the defendant Johanna Francis was not a party to the underlying transaction that gave rise to the plaintiff's foreclosure action and, therefore, lacked knowledge of those events. Accordingly, I agree that the defendant, in light of the arrest of her father, James M. Francis, had a reasonable basis to suspect that her grandparents, the decedents, Norbert Francis and Evelyn Francis, had been defrauded and to question the plaintiff's involvement in that fraud. Under these circumstances the defendant's discovery requests were reasonable because the best source of information relevant to the plaintiff's possible involvement, if any, in James M. Francis' alleged scheme was the plaintiff itself. Furthermore, the plaintiff does not claim that the defendant's discovery requests were propounded in bad faith, constituted a "fishing expedition," or were interposed for the purpose of delay. Nor does the plaintiff claim that the defendant's special defenses that alleged fraud and duress, even though insufficiently pleaded, were made in bad faith. Given these facts, I agree with the majority that the defendant acted reasonably in seeking discovery before further alleging improper conduct on the part of the plaintiff. Consequently, I agree that the court's improper ruling depriving her of that discovery was not harmless. I write separately, however, to emphasize the uniqueness of these facts and to make clear that the denial of a discovery request typically will not justify a failure to plead a legally sufficient cause of action or special defense.

Connecticut is a fact pleading jurisdiction. See Practice Book § 10-1 ("[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies"). Our rules of practice do not require, however, that parties be certain as to the truth of the facts that they allege. Instead, allegations must be made "with reasonable cause" and with a good faith belief in their truth. See Practice Book §§ 4-2 (b) and 10-5.[1] "Good faith pleading requires that counsel must not allege claims of fact which he has no reasonable grounds to assert and cannot prove. . . . If under all such circumstances counsel then has reasonable grounds to file the pleading or make the representation, he cannot later be faulted for his failure to satisfy his burden of proof." *State* v. *Anonymous (1974-5)*, 31 Conn. Supp. 179, 180–81, 326 A.2d 837 (1974).

Consistent with our rules of practice, rule 3.1 of the

Rules of Professional Conduct provides that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." In applying rule 3.1, this court has stated: "[A] claim or defense is frivolous (a) if maintained primarily for the purpose of harassing or maliciously injuring a person, (b) if the lawyer is unable either to make a good faith argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith argument for an extension, modification or reversal of existing law." *Brunswick* v. *Statewide Grievance Committee*, 103 Conn. App. 601, 614, 931 A.2d 319, cert. denied, 284 Conn. 929, 934 A.2d 244 (2007). Furthermore, as the commentary to rule 3.1 explains: "The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery." Rules of Professional Conduct 3.1, commentary.

Parties and lawyers have the same good faith obligation when it comes to conducting discovery. Practice Book § 13-2, which defines the scope of discovery, provides in relevant part that a party may seek discovery of nonprivileged information "material to the subject matter involved in the pending action . . . relate[d] to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Discovery of such information is permitted so long as "the information sought appears *reasonably* calculated to lead to admissible evidence." (Emphasis added.) Practice Book § 13-2. As set forth previously in this opinion, courts in Connecticut equate reasonable conduct with conduct undertaken in good faith. See, e.g., *State* v. *Anonymous (1974-5)*, supra, 31 Conn. Supp. 180–81; see also *Clinton* v. *Aspinwall*, 200 Conn. App. 205, 224, 238 A.3d 763 ("[a] determination will be considered to be in good faith unless it went so far beyond the bounds of reasonable judgment that it seems essentially inexplicable on any ground other than bad faith" (internal quotation marks omitted)), cert. granted, 335 Conn. 979, 241 A.3d 704 (2020), and cert. granted, 335 Conn. 980, 241 A.3d 703 (2020). Similarly, rule 3.4 (4) of the Rules of Professional Conduct provides that a lawyer shall not make a frivolous discovery request in pretrial proceedings. As previously noted, this court has interpreted "frivolous" under the Rules of Professional Conduct as being synonymous with a lack of good faith. See *Brunswick* v. *Statewide Grievance Committee*, supra, 103 Conn. App. 614. Thus, whether pleading or engaging in discovery, a party, or his or her attorney, has the same duty to proceed in good faith. Accordingly, in most cases, a party either has good faith both to plead and pursue discovery as to a claim or defense or that

party lacks good faith to do either.

Moreover, discovery is used to develop claims that have been properly pleaded, not to create them. As noted previously, pursuant to Practice Book § 13-2, a party is entitled in discovery to seek information that is material to the subject matter involved in the pending action and that is reasonably calculated to lead to the discovery of admissible evidence. If a party has not alleged a legally sufficient claim or defense, that claim or defense is not part of "the subject matter involved in the pending action . . . ." Practice Book § 13-2; see also *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 570, 657 A.2d 212 (1995) ("[t]he issues are framed by the pleadings and are controlled by substantive law" (internal quotation marks omitted)). As to whether discovery is reasonably likely to lead to the discovery of *admissible evidence*, "[i]t is axiomatic that [e]vidence is admissible only to prove material facts, that is to say, those facts directly in issue or those probative of matters in issue; evidence offered to prove other facts is immaterial." (Internal quotation marks omitted.) *Salmon* v. *Dept. of Public Health & Addiction Services*, 259 Conn. 288, 316, 788 A.2d 1199 (2002); see also *Miko* v. *Commission on Human Rights & Opportunities*, 220 Conn. 192, 211, 596 A.2d 396 (1991) ("[r]elevant evidence is admissible only to prove facts material to liability; that is, facts directly in issue or probative of matters in issue"). Consequently, a party ordinarily will not be harmed by the denial of discovery as to a matter it never put at issue in its pleading.

Thus, in the typical case in which the party whose pleading has been challenged was involved in the transaction or events underlying the case, that party should be expected to sufficiently plead their cause of action or defense on which their discovery requests are based and should not be permitted to use the lack of discovery as a reason not to do so. Of course, I would expect that, in that typical case, the party to whom the discovery is directed would object to the discovery as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence if it was not tethered to a properly pleaded claim or defense.

As noted previously, however, this is not that typical case. The defendant was not involved in the underlying transaction, and the plaintiff never claimed that her discovery requests were unreasonable and not made in good faith. Consequently, for the reasons set forth in the majority opinion, I agree that the judgment of the trial court must be reversed because the court's erroneous discovery order was not harmless.

Accordingly, I concur.

[1] Practice Book § 4-2 (b) provides in relevant part: "The signing of any pleading, motion, objection or request shall constitute a certificate that the signer has read such document, that to the best of the signer's knowledge, information and belief there is good ground to support it, [and] that it is not interposed for delay . . . ."

Practice Book § 10-5 provides in relevant part: "Any allegation or denial made without reasonable cause and found untrue shall subject the party pleading the same to the payment of such reasonable expenses, to be taxed by the judicial authority, as may have been necessarily incurred by the other party by reason of such untrue pleading  . . . ."

———————————————